UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL        JS-6

| Case No. | CV 16-1196 PSG (PLAx) | Date | April 26, 2016 |
|---|---|---|---|
| Title | Reginaldo Recio v. Bank of America, N.A., *et al.* | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**   Order GRANTING Motion to Remand

Before the Court is Plaintiff Reginaldo Recio's motion to remand.  Dkt. #10.  The Court finds the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); L.R. 7–15.  After considering the moving and opposing papers, the Court GRANTS the motion.

I.   Background

In 2006, Plaintiff financed a home with a loan from Defendant Bank of America, N.A. ("BANA"), which was secured by a promissory note and a deed of trust.  *Compl.* ¶ 19.  Defendant PRLAP, Inc. ("PRLAP") was named as the original trustee.  *Id.*  In 2015, the loan servicing was transferred to Defendant Caliber Home Loans, Inc. ("Caliber").  *Id.* ¶ 24.  Also in 2015, Defendant Summit Management Company, LLC was substituted in as trustee.  *Id.* ¶ 29.  Summit subsequently recorded a notice of default and a notice of trustee's sale.  *Id.* ¶¶ 30–31.  It does not appear that the property has been sold.

In January 2016, Plaintiff filed suit in the Los Angeles Superior Court.  Dkt. #1, Ex. A.  Plaintiff alleges a number of improprieties in the handling of his loan, and brings causes of action for:  (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) promissory estoppel; (4) negligence; (5) violation of California Civil Code § 2923.6; (6) violation of California Civil Code § 2923.7; (7) violation of California Civil Code § 2924.11; (8) violation of California Civil Code § 2924.12; and (9) unfair business practices.  *See generally Compl.*  After Defendants Caliber and Summit removed the case to this Court, Plaintiff filed a motion for remand.  Dkts. #1, 10.

II.   Legal Standard

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1196 PSG (PLAx) | Date | April 26, 2016 |
|---|---|---|---|
| Title | Reginaldo Recio v. Bank of America, N.A., *et al.* | | |

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity of citizenship between the parties, *see* 28 U.S.C. § 1332. For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties and the $75,000 amount in controversy requirement must be met. *See Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a). If at any time before the entry of final judgment it appears that the Court lacks subject matter jurisdiction over a case removed from state court, it must remand the action to state court. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). There is a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). If there is any ambiguity as to the propriety of removal, federal jurisdiction must be rejected. *See id.*

III.   Discussion

Diversity jurisdiction is only proper if the amount in controversy is over $75,000. *See* 28 U.S.C. § 1332(a). When, as here, a complaint does not state the amount in controversy, the defendant must establish the amount in controversy by a preponderance of the evidence. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996). In their notice of removal ("NOR"), Defendants Caliber and Summit stated:

> The amount in controversy exceeds $75,000. "'In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.'" *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Washington State Apple Advertising Comm'n,* 432 U.S. 333, 347 (1997)). This action concerns a mortgage loan, secured by real property in Los Angeles County, California, for which the amount due is approximately $106,804.57. (*See* Notice of Default and Election to Sell Under Deed of Trust recorded in the Recorder's Office of Los Angeles County on July 24, 2015 as Document No. 20150899317 attached to the Complaint as Exhibit C.) Plaintiff alleges claims for relief relating to the mortgage loan, including an injunction prohibiting any further sale and equitable injunctive and/or declaratory relief, stemming from causes of action including breach of contract, breach of implied covenant of good faith and fair dealing, promissory estoppel, negligence, violations of the California Homeowners Bill of Rights, and unfair business practices. Thus, the object of the litigation is, at a minimum, the amount of unpaid balance and other charges on Plaintiff's loan, $106,804.57.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1196 PSG (PLAx) | Date | April 26, 2016 |
|---|---|---|---|
| Title | Reginaldo Recio v. Bank of America, N.A., *et al.* | | |

*NOR* ¶ 6. Plaintiff states that the case should be remanded because "Plaintiff is not seeking to invalidate the loan Plaintiff secured by the Deed of Trust. Thus, the entire loan amount is not in controversy, and should not be used as the valuation for the amount of controversy." *Mot.* 5. The Court agrees.[1]

Plaintiff's fifth, sixth, and seventh causes of action address failures by Defendants to comply with California law during the foreclosure process. *See Compl.* ¶¶ 64–75 (alleging violations of Cal. Civ. Code §§ 2923.6, 2923.7, and 2924.11). Plaintiff's eighth cause of action requests declaratory relief, stating that California Civil Code § 2924.12 allows a borrower to "bring an action for injunctive relief to enjoin a material violation of Section 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, or 2924.17," which would remain in effect until "the court determines that the mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent has corrected and remedied the violation or violations giving rise to the action for injunctive relief." *See id.* ¶¶ 76–80 (quoting Cal. Civ. Code § 2924.12(a)). Plaintiff then requests an "[i]njunction prohibiting any further sale of [the property]" in his prayer for relief. *See Compl.*, *Prayer for Relief*.

Courts have repeatedly found that the amount in controversy cannot be established by the price of the loan or the value of the property when a plaintiff merely seeks to temporarily enjoin foreclosure. *See, e.g.*, *Mendoza v. Ocwen Loan Servicing, LLC*, No. EDCV152281VAPDTBX, 2015 WL 9093559, at *2 (C.D. Cal. Dec. 15, 2015); *Walker v. Wells Fargo Bank, N.A.*, 2015 U.S. Dist. LEXIS 127003 (C.D. Cal. Sept. 22, 2015); *Steele v. J.P. Morgan Chase Bank, N.A.*, No. EDCV15657JGBDTBX, 2015 WL 4272276, at *3 (C.D. Cal. July 14, 2015); *Jauregui v. Nationstar Mortg. LLC*, No. EDCV 15-00382-VAP, 2015 WL 2154148, at *3–4 (C.D. Cal. May 7, 2015); *Olmos v. Residential Credit Sols., Inc.*, No. SACV 14-1202 AG MRWX, 2015 WL 1240347, at *2 (C.D. Cal. Mar. 17, 2015); *Vergara v. Wells Fargo Bank, N.A.*, No. SACV 15-00058-JLS, 2015 WL 1240421, at *2 (C.D. Cal. Mar. 17, 2015). Here, Plaintiff's complaint and motion for remand make clear that Plaintiff is solely seeking to enjoin Defendants from foreclosure until Defendants comply with the California Civil Code provisions at issue in the complaint. *See Compl.* ¶¶ 64–80; *Mot.* 5. Although Defendants argue that Plaintiff's complaint seeks "permanent declaratory and injunctive relief," *Opp.* 4, nowhere in the complaint does Plaintiff ask the Court to prevent Defendants from ever foreclosing on his loan, *cf. Rose v. J.P. Morgan Chase, N.A.*, No. CIV. 2:12-225 WBS, 2012 WL 892282, at *2 (E.D. Cal. Mar. 14,

---

[1] Plaintiff also argues that Defendants Caliber and Summit removed the case without the consent of all other defendants. *Mot.* 2–5. Because the Court finds that remand is proper on other grounds, it need not consider this argument.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1196 PSG (PLAx) | Date | April 26, 2016 |
|---|---|---|---|
| Title | Reginaldo Recio v. Bank of America, N.A., *et al.* | | |

2012) ("One of the remedies requested by plaintiff is a permanent injunction barring Chase from initiating or completing any foreclosure proceedings related to the Mario Avenue property.").

Because Plaintiff does not seek a permanent injunction against foreclosure, the question is whether the pecuniary results of granting a temporary injunction would exceed the statutory minimum. *See Jauregui*, 2015 WL 2154148, at *4; *Olmos*, 2015 WL 1240347, at *2. General statements about damages are insufficient. *See Jauregui*, 2015 WL 2154148, at *4. Defendants have not made any showing about the amount in controversy for the temporary period for which a foreclosure sale would be enjoined.

Although some courts have found that the value of the loan satisfies the amount-in-controversy requirement under similar factual circumstances, *see, e.g.*, *Hendricks v. Wells Fargo Bank, N.A.*, No. CV-15-01299-MWF JEMX, 2015 WL 1644028, at *4–6 (C.D. Cal. Apr. 14, 2015); *Major v. Wells Fargo Bank, N.A.*, No. 14-CV-998-LAB-RBB, 2014 WL 4103936, at *1 (S.D. Cal. Aug. 18, 2014); *Reyes v. Wells Fargo Bank, N.A.*, No. C-10-01667JCS, 2010 WL 2629785, at *4–6 (N.D. Cal. June 29, 2010), these decisions are not binding on this Court, and are in any event unpersuasive. The only binding authority cited by Defendants is distinguishable. *See Chapman v. Deutsche Bank Nat. Trust Co.*, 651 F.3d 1039, 1045 n.2 (9th Cir. 2011) (plaintiffs sought to quiet title).

Plaintiff also requests general, compensatory, and consequential damages (arising from, among other things, emotional distress), as well as a restitution of profits. *See generally Compl.* Although the complaint does not specify the amount of these damages, Defendants could still use them to satisfy the amount in controversy if they provide evidence that the damages could exceed $75,000. *See Jauregui*, 2015 WL 2154148, at *5; *Campbell v. Costco Wholesale Corp.*, No. CV 11-229 PA PLAX, 2011 WL 103963, at *2 (C.D. Cal. Jan. 11, 2011). Defendants, however, do not even attempt to explain how the damages listed in the complaint could reach the $75,000 threshold.[2]

IV. Conclusion

---

[2] Plaintiff states, "Here, Plaintiff has not alleged a specific amount in controversy with Defendants, however, Plaintiff plans to seek leave to amend the Complaint to allege a specific amount in controversy after having an opportunity to complete minimal discovery to this effect." *Mot.* 5. The Court expresses no opinion about whether Defendants would be able to properly remove the case at some later date if an amended complaint satisfies the jurisdictional minimum.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1196 PSG (PLAx) | Date | April 26, 2016 |
|---|---|---|---|
| Title | Reginaldo Recio v. Bank of America, N.A., *et al.* | | |

The Court thus finds that Defendants have failed to prove the amount in controversy is above $75,000 by a preponderance of the evidence. As they have offered no other basis for federal jurisdiction, the Court REMANDS the case to state court.

**IT IS SO ORDERED.**